Babatunde OWOSENI, Plaintiff–
Appellant,

v.

CITY OF BELLEVILLE BOARD OF
FIRE AND POLICE COMMISSION-
ERS, Defendant–Appellee.

No. 02–2219.

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 18, 2002.

Decided Jan. 16, 2003.

Before EASTERBROOK, MANION,
and EVANS, Circuit Judges.

## ORDER

Babatunde Owoseni filed this action un-
der Title VII, alleging that the City of
Belleville Board of Fire and Police Com-
missioners rejected his application for em-
ployment based on his race and national
origin. Owoseni's case went to trial, and a
jury found in favor of the Board. On
appeal, Owoseni argues that the district

court erred (1) in denying him a continuance so that his expert witness could fully prepare for trial and (2) in excluding certain evidence concerning successful white applicants to the police department.

In 1999 Owoseni, a Nigerian who has lived in the United States since 1984, applied to become a City of Belleville police officer. The application process for police officer candidates is rigorous: all candidates undergo physical and written tests and participate in an oral interview with the Board. Out of this process, a list of eligible candidates is created. Then, before hiring a candidate from the eligibility list, the Board conducts a background check. After his tests and interview, Owoseni ranked 12th on an eligibility list of 27 individuals. In May 1999 a position opened in the Belleville police department, and, by that time, Owoseni was the next candidate on the list, but problems were about to unfold.

After running a background check, the Board decided not to hire Owoseni. The Board's investigation revealed that he had some negative reports in his credit history. In addition, one of Owoseni's neighbors claimed that he had threatened her husband and displayed a gun. Owoseni's prior employment as a correctional officer at the Graham Correctional Facility sounded more alarms. In that position, Owoseni disobeyed direct orders several times and expressed hostility towards the superiors who disciplined him. Most notably, after one supervisor reprimanded him for improperly confiscating an inmate's ID, Owoseni attached to one of his work evaluations a statement that read in part: "The bottom line is that when the ax falls down on the perpetrators of Graham Correctional Facility it will not avoid Lt. 'Above the Law' Gabeau.... He better wake up and beg for forgiveness." With this information in hand, the Board determined that

Owoseni was not qualified to serve as a police officer because he "had a serious problem operating in an organization with a chain of command." Owoseni, however, believed that the Board rejected him because he was black and Nigerian. And so he filed this employment discrimination suit in federal court.

During discovery, Owoseni requested detailed documentation concerning individuals who had applied to become City of Belleville police officers. Specifically, Owoseni wanted personnel files, including background check records, for every police officer candidate from 1995 to the present. In response, on February 6, three days before the discovery cut-off date, the Board produced 3337 pages of documents. Owoseni claimed that the Board had not given him all the documentation he had requested. He asked the Board to supply additional material, and the Board did so, producing 1999 pages of additional discovery on February 28 and March 8.

When the parties met on March 18 for the final pretrial conference, Owoseni filed a motion to continue the trial date, which was then set for April 9. He argued that he needed extra time so that his expert witness—Professor John Farley, a statistician at Southern Illinois University—could review the more than 5000 pages of discovery that the Board produced. The court denied the motion for a continuance and excluded the expert witness because Owoseni had not timely submitted an expert report as required under Federal Rule of Civil Procedure 26(a)(2)(B). The court also limited the admissibility of the Board's personnel records for white police officer candidates, ruling that Owoseni could present evidence about only those white applicants who were similarly situated to him—applicants who had been hired despite having negative information in

their files comparable to that found in Owoseni's.

■ On appeal, Owoseni argues that the court erred in denying a continuance because, by producing voluminous documentation at the last minute, the Board had made it impossible for his expert to be ready for trial. We review the denial of a continuance only for an abuse of discretion. *Research Systems Corp. v. IPSOS Publicite*, 276 F.3d 914, 919 (7th Cir.2002), recognizing that a trial court has broad discretion to manage its docket. The issue really boils down to whether the actions of the district court were unreasonable.

The court in this case did not act unreasonably. It is true, as the Board points out, that Owoseni had notice of his trial date for eleven months by the time he moved for a continuance at the final pretrial conference. The court did not abuse its discretion in finding that Owoseni should have acted sooner in requesting a continuance. Owoseni's challenge to the court's denial of his continuance request also faces a more fundamental problem, one that his brief does not directly address: Owoseni failed to file the expert report required under Rule 26(a)(2)(B) and, consequently, the court excluded the expert's testimony. It is futile to argue that the court erred in not granting a continuance for the purpose of developing expert testimony when that testimony was not going to be admissible. Moreover, Owoseni does not spell out how the expert's testimony would have helped the jury determine that the Board rejected him because of his race and national origin. *See Pena v. Leombruni*, 200 F.3d 1031, 1035 (7th Cir.1999) (district court properly denied continuance to seek an expert witness when plaintiffs could not explain how the expert would have helped their case). Owoseni has not told us what his expert would have testified to, and,

without a clarification of the importance of the expert's testimony, we cannot find that the court erred in excluding the testimony or in denying the continuance.

Owoseni also challenges the court's exclusion of certain negative information from the background checks of white police officer candidates—bad credit reports for five successful white applicants and employment records of disciplinary actions taken against four successful white applicants. Rulings to exclude evidence are also reviewed for abuse of discretion. *Mason v. Southern Ill. Univ.*, 233 F.3d 1036, 1042 (7th Cir.2000). But even if an appellant meets that standard, we will not reverse a jury verdict based upon an improper evidentiary ruling if the error is harmless. *Id.*

■ Owoseni argues that the court should not have excluded, as unduly prejudicial under Federal Rule of Evidence 403, the bad credit reports belonging to five white candidates; according to Owoseni, these credit reports would show that the Board used a different standard when reviewing the credit histories of black applicants than it used for white applicants. But testimony at trial established that the Board rejected Owoseni based on his employment history and his neighbor's claim that he had behaved in a threatening manner. The Board has said that it would not have hired Owoseni even if he had perfect credit. It is therefore difficult to see how negative credit information in the files of successful white applicants would have helped his case.

■ Owoseni further argues that the court should not have excluded, as irrelevant under Federal Rule of Evidence 401, employment records of disciplinary actions taken against four white applicants. The court took the action because the applicants in question were not similarly

situated to Owoseni: Each applicant was involved in only a single disciplinary incident; Owoseni, on the other hand, displayed a pattern of disciplinary problems. But the court did not exclude all records that documented disciplinary actions taken against white applicants. The jury did consider the records of several white candidates with more persistent disciplinary problems than these four applicants in reaching its verdict. Owoseni has not established that he suffered prejudice because he was unable to present records that, at best, would have been cumulative of evidence already admitted to the jury.

We AFFIRM the judgment of the district court.